In the Matter of the Claim of LOUIS MEDNICK, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, November 20, 1945.

*Nathaniel L. Goldstein, Attorney-General,* for appellant.

No appearance for respondent.

Lawrence, J. The Industrial Commissioner found that claimant was disqualified from receiving unemployment insurance benefits because, without good cause, he had refused employment for which he was reasonably fitted by training and experience. The referee overruled the determination of the commissioner and found that the claimant had good cause to refuse to accept the two jobs which were offered to him. The Appeal Board affirmed the referee.

Claimant had some physical disabilities. He was not physically capable of utilizing his highest skill and experience. He had been refused employment in one instance because of his physical condition. He was discharged from the Army because of his physical condition. He had worked at different jobs at compensation ranging from 90 cents an hour to $1.20 an hour. While on the job for which he was paid $1.20 an hour as a machinist, he was reclassified as a machinist helper at $1.08 an hour because he was not able to work long hours. Later he was again reclassified as a helper at 91 cents an hour.

On January 22, 1945, he was offered a job as stock clerk at 70 cents an hour. This he refused saying: " I will collect all these benefits plus all the veterans' benefits." These veterans' benefits were paid to him in the amount of $46 a month. On February 1, 1945, he was offered a job as inspector of machine parts at 80 cents an hour. This he refused, giving as a reason that it did not utilize his highest skill and experience and did not provide adequate salary. He desired a job as first-class inspector of finished products for which he said he was qualified. Evidence discloses that trainee inspectors usually start employment at 60 cents an hour. The rate for experienced inspectors ranges from 80 cents an hour to $1 an hour.

The test applied by the referee and adopted by the Appeal Board in justification of claimant's refusal to accept the

employment offered was that such employment would reduce claimant's earning capacity and would not make use of his highest skill and experience. This was not the correct test. The Industrial Commissioner found that the two offers made to claimant were for jobs for which he was fitted by learning and experience when his physical limitations were considered, and that they were offers which would utilize his highest skill. The commissioner therefore found that claimant had refused suitable employment.

It would seem that the test used by the Appeal Board is not that contemplated by the statute.

The order and decision of the Appeal Board should be reversed and the finding of the Industrial Commissioner should be reinstated, without costs.

All concur.

Decision of Appeal Board reversed and determination of the Industrial Commissioner reinstated, without costs.